# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**KENDRICK DEMOND REED, # K3300**                                        **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 3:16CV62-DPJ-FKB**

**ANNIE JOHNSON**                                        **RESPONDENT**

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner Kendrick Demond Reed filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [1]. Reed is incarcerated with the Mississippi Department of Corrections and attacks his conviction and sentence for shoplifting, third offense. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

I.      Background

Reed filed this Petition on February 1, 2016, alleging that he was convicted by a Rankin County jury of third-offense shoplifting for stealing a pair of sunglasses from Saks Fifth Avenue in Pearl, Mississippi. Had this been Reed's first offense, Reed contends he would have simply been charged with a misdemeanor, because the sunglasses were valued at less than $500. But because the jury found it was Reed's third offense, he was convicted of a felony. Reed contends that the State used two prior felony shoplifting convictions out of Hinds County to prove that the Rankin County offense was Reed's third offense, and therefore a felony. Reed maintains that, on November 2, 2015, the Rankin County Circuit Court sentenced him as an habitual offender based on the same two prior shoplifting convictions that had been used to convict him of third offense shoplifting.

Reed did not appeal.  Instead, he now seeks a writ of habeas corpus from this Court, raising insufficiency of the evidence and double jeopardy.  Specifically, Reed claims there was insufficient evidence to convict him of third-offense shoplifting, because he argues that the Hinds County convictions cannot qualify to enhance his Rankin County offense to a third offense.  Reed also asserts that it is a violation of Double Jeopardy for the allegedly same Hinds County convictions to be used to convict him of the substantive offense and also to enhance his sentence under the habitual-offender statute.

To pursue a writ of habeas corpus in this Court, Reed must exhaust his available state remedies.  28 U.S.C. § 2254(b)(1)(A).  This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  In order to exhaust Reed's state remedies, he is required to present the claim to the highest court in the State.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).  Reed admits that he has not filed an appeal with the Mississippi Supreme Court.  Therefore, this case is dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of February, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

2